UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JERRY BROWN                                                                                    PLAINTIFF

V.                                                                         CIVIL ACTION NO. 3:07cv644 DPJ-JCS

EMPIRE FIRE AND MARINE
INSURANCE COMPANY, INC.                                                                    DEFENDANTS

ORDER

This insurance dispute is before the Court on Defendant Empire Fire and Marine Insurance Company, Inc's motion for summary judgment [80] and motion to strike an expert affidavit [92]. The Court, having considered the parties' submissions and applicable authorities, finds that Defendant's motions should be denied.

I.     Facts and Procedural History

In October 2002, Plaintiff Jerry Brown completed and signed an application for a health insurance policy underwritten by Defendant Empire Fire and Marine Insurance Company, Inc. ("Empire"). During the application process, Plaintiff disclosed that he was currently taking medication for high blood pressure and that he had been treated for high blood pressure in the past. Empire approved Plaintiff's application and issued a health insurance policy effective January 1, 2003.

After Plaintiff submitted five claims related to the treatment of high blood pressure during the first nine months of coverage, Empire began an investigation of his medical records in October 2003. During the investigation, Empire obtained medical records from Dr. Scott Harrison, Plaintiff's physician, indicating other conditions that were not previously disclosed.

In February 2004, while Empire's investigation was still ongoing, Plaintiff was advised to have surgery to correct a contraction in his hand. His health care provider checked the policy coverage and performed the surgery, resulting in a claim in excess of thirty thousand dollars. Empire eventually rescinded the policy on June 4, 2004.

Plaintiff filed the current action in the Circuit Court of Madison County, Mississippi, alleging that Empire rescinded the policy and denied the claim for his surgery in bad faith. Defendant timely removed the case based on diversity jurisdiction and has now moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

II.   Analysis

   A.   <u>Summary Judgment Standard</u>

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party must inform the district court of the basis for its motion and identify those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*,

276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc*., 530 U.S. 133, 150 (2000).

B. <u>Defendant's Motion for Summary Judgment</u>

Mississippi substantive law applies in this diversity action. *Wood v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 275 (5th Cir. 2009). "In Mississippi, a material misrepresentation in an application for an insurance policy allows the insurer to void or rescind the policy." *Wilson v. State Farm Fire & Cas. Co.*, 761 So. 2d 913, 917 (Miss. Ct. App. 2000) (citing *Coffey v. Standard Life Ins. Co.*, 120 So. 2d 143, 148-49 (Miss. 1960)); *see also Dukes v. S.C. Ins. Co.*, 590 F. Supp. 1166, 1168-69 (S.D. Miss. 1984), *aff'd*, 770 F.2d 545 (5th Cir. 1985). The party seeking to void the insurance contract must establish the existence of a factual misrepresentation and its materiality by clear and convincing evidence. *See Carroll v. Metro. Ins. & Annuity Co.*, 166 F.3d 802, 805 (5th Cir. 1999).

However, the Fifth Circuit has interpreted Mississippi law as holding that "[e]ven if a misrepresentation exists, . . . an insurance company cannot rely on it to rescind the policy if facts were known that would cause a prudent insurer to start an inquiry, which, if carried out with reasonable thoroughness, would reveal the truth." *Carroll v. Metropolitan Ins. & Annuity Co.*, 166 F.3d 802, 806 (5th Cir. 1999) (citation and quotations omitted); *see also Stewart v. Gulf Guar. Life Ins. Co.*, 846 So. 2d 192, 204 (Miss. 2002). Here, Plaintiff disclosed that he had

3

received treatment for high blood pressure and was taking medication to control the problem. Accordingly, the Court finds a material question of fact whether a prudent insurer under the same circumstances would have started the inquiry that led to the information found in Dr. Harrison's records.

III. Conclusion

For the reasons explained in this order, Defendant's motion for summary judgment is denied. Defendant also moved to strike the affidavit of Plaintiff's expert Peter Quave. The Court did not rely on the disputed affidavit in reaching its opinion and therefore denies the motion as moot. However, there remains a pending motion to strike Mr. Quave as an expert [87]. The Court will consult with the parties during the pre-trial conference and thereafter set a date for a hearing on this motion.

**SO ORDERED AND ADJUDGED** this the 24th day of July, 2009.

                                 s/ *Daniel P. Jordan III*
                                 UNITED STATES DISTRICT JUDGE